**THE MCDANIEL LAW FIRM, P.C.**
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 514-8080
(212) 514-8282 (Facsimile)
*Attorneys for Plaintiff Eva Marie Beale*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA MARIE BEALE, <br><br>   Plaintiff, <br><br>  v. <br><br> ALEXIS BITTAR, LLC, ALEXIS BITTAR RETAIL, LLC, A JEWELRY WONDERLAND, ALENE TOO, LLC, BLOOMINGDALES, INC., BON LEMON, LLC, BOUTIQUE TERE, INC., CONTEMPORARY CONCEPTS PLUS, INC., DANDELION JEWELRY, GREENWICH JEWELERS, INC., HEYWARD & HANNA, LLC, KIKI, INC., KRISTA K BOUTIQUES, INC., JTCT, INC., LANE KNIGHT, NEIMAN MARCUS, INC., NORDSTROM, INC., RAINBOW BRIDGE JEWELERS, REGENCIES, SAHAR'S CONTINENTAL SHOPS, SAKS, INC., SCARLETT ALLEY, TCP ARTFORMS, LLC, VERBENA GIFTS, INC., WELLINGTON & COMPANY, LLC, ZOE BLOOM, INC., <br><br>   Defendants. | Civ. Action. No. 1:12-cv-7902(AKH) <br><br><br><br> **FIRST AMENDED COMPLAINT** |

  Plaintiff **EVA MARIE BEALE** by way of Complaint against the Defendants alleges as follows:

1

**SUMMARY OF ACTION**

1. This is a reverse confusion action brought under the Lanham Act seeking injunctive and monetary relief from Defendants for trademark infringement with regard to Plaintiff's "Grey Gardens" trademark. Specifically, Defendants Alexis Bittar, LLC and Alexis Bittar Retail, LLC (collectively "Alexis Bittar"), a world-renown, high-fashion jewelry design company used the term "Grey Gardens" as a source identifier for a jewelry collection. Alexis Bittar's widespread advertisement, promotion, distribution, and sale of jewelry bearing the term "Grey Gardens" in a variety of famous physical retail locations and online retailers have caused significant damage to Beale, who has invested significant funds, time, and effort in developing goodwill in her "Grey Gardens" trademark.

2. As alleged more fully below, Defendants have violated, and continue to violate, the Lanham Act, 15 U.S.C. §§ 1125 *et seq.* through their sale of infringing goods bearing Plaintiff's trademark.

**THE PARTIES**

3. Plaintiff Eva Marie Beale ("Beale") is an individual residing at 29 Renz Road, Mill Valley, California 94941. Beale maintains the retail website www.greygardenscollections.com and is the owner of the following registered trademarks on the term "Grey Gardens" for products sold through this website:

| U.S. Registration No. | Registration Date | International Class No. |
|---|---|---|
| 3599590 | March 31, 2009 | 24 (Fabrics) |
| 3599720 | March 31, 2009 | 14 (Jewelry); 24 (Fabrics); 35 (Online Retail Business) |
| 3599728 | September 29, 2008 | 14 (Jewelry); 24 (Fabrics); 35 (Online Retail Business) |
| 4139383 | May 8, 2012 | 21 (Dinnerware) |
| 4139384 | May 8, 2012 | 3 (Fragrances, Lotions) |

2

4. Upon information and belief, Defendant Alexis Bittar, LLC is a limited liability company formed under the laws of the State of New York and has a principal place of business at 465 Broome Street, New York, New York 10013. Upon information and belief, Alexis Bittar, LLC engages in wholesale distribution of Alexis Bittar products and maintains the website www.alexisbittar.com, and physical retail locations, which sell and promote Alexis Bittar products.

5. Upon information and belief, Defendant Alexis Bittar Retail, LLC is a limited liability company formed under the laws of the State of New York and has a principal place of business at 465 Broome Street, New York, New York 10013. Upon information and belief, Alexis Bittar Retail, LLC maintains the website www.alexisbittar.com, and physical retail locations, which sell and promote Alexis Bittar products.

6. Upon information and belief, Defendant A Jewelry Wonderland ("AJ Wonderland") is an unincorporated business organization existing under the laws of the State of California and has a principal place of business at 1048 Irvine Avenue, #310, Newport Beach, California 92663. AJ Wonderland maintains the website www.ajewelrywonderland.com, which sells and promotes Alexis Bittar products.

7. Upon information and belief, Defendant Alene Too, LLC ("Alene") is a limited liability company formed under the laws of the State of Florida and has a principal place of business at 450 Se 5th Avenue, #1201N, Boca Raton Florida 33432. Alene maintains the website www.alenetoo.com, which sells and promotes Alexis Bittar products.

8. Upon information and belief, Defendant Bloomingdales, Inc. ("Bloomingdale's") is a business entity incorporated under the laws of the State of Ohio and has a principal place of

business at 7 West 7th Street Cincinnati, Ohio 45202.  Bloomingdale's maintains the website www.bloomingdales.com, which sells and promotes Alexis Bittar products.

9. Upon information and belief, Defendant Bon Lemon, LLC ("Bon Lemon") is a limited liability company formed under the laws of the State of Washington and has a principal place of business at 2410 Dublin Drive, Olympia, Washington 98502-3443.  Bon Lemon maintains the website www.bonlemon.com, which sells and promotes Alexis Bittar products.

10. Upon information and belief, Defendant Boutique Tere, Inc. ("Boutique Tere") is a business entity incorporated under the laws of the State of Florida and has a principal place of business at 1167 3rd Street, Naples, Florida 34102-7037.  Boutique Tere operates under the trade name Marissa Collections and maintains the website www.marissacollections.com, which sells and promotes Alexis Bittar products.

11. Upon information and belief, Defendant Contemporary Concepts, Inc. ("Contemporary Concepts") is a business incorporated under the laws of the State of Pennsylvania and has a principal place of business at 634 Beulah Road, Pittsburgh, Pennsylvania 15235-4205.  Contemporary Concepts maintains the website www.contemporaryconcepts.com, which sells and promotes Alexis Bittar products.

12. Upon information and belief, Defendant Dandelion Jewelry ("Dandelion") is an unincorporated business entity existing under the laws of the State of New York and has a principal place of business at 7 Sable Terrace, Latham, New York 12110-1250.  Dandelion maintains the website www.dandelionjewelry.com, which sells and promotes Alexis Bittar products.

13. Upon information and belief, Defendant Greenwich Jewelers, Inc. ("Greenwich Jewelers") is a business entity incorporated under the laws of the State of New York and has a

principal place of business at 64 Trinity Place, New York, New York 10006-1804. Greenwich Jewelers maintains the website www.greenwichjewelers.com, which sells and promotes Alexis Bittar products.

14. Upon information and belief, Defendant Heyward & Hanna, LLC ("Heyward") is a limited liability company formed under the laws of the State of South Carolina and has a principal place of business at 2143-A Hoffmeyer Road, Florence, South Carolina, 29501. Heyward maintains the website www.heywardandhanna.com, which sells and promotes Alexis Bittar products.

15. Upon information and belief, Defendant JTCT, Inc. ("JTCT") is a business entity incorporated under the laws of the State of Texas and has a principal place of business at 13350 Dallas Parkway, Dallas, Texas 75240-6631. JTCT operates under the trade name YLANG23 and maintains the website www.ylang23.com, which sells and promotes Alexis Bittar products.

16. Upon information and belief, Defendant Kiki, Inc. ("Kiki") is a business entity incorporated under the laws of the State of Louisiana and has a principal place of business at 1910 Kaliste Saloom Road, Lafayette, Louisiana 70508-6178. Kiki maintains the website www.shopkikionline.com, which sells and promotes Alexis Bittar products.

17. Upon information and belief, Defendant Krista K Boutiques, Inc. ("Krista") is a business entity incorporated under the laws of the State of Illinois and has a principal place of business at 3458 N. Southport Avenue, Chicago, Illinois 60657. Krista maintains the website www.kristak.com, which sells and promotes Alexis Bittar products.

18. Upon information and belief, Defendant Lane Knight is an unincorporated business organization existing under the laws of the State of Texas and has a principal place of

business at 6333 Camp Bowie Boulevard, Fort Worth, Texas 7616-5445.  Lane Knight maintains the website www.laneknight.com, which sells and promotes Alexis Bittar products.

19.     Upon information and belief, Defendant Neiman Marcus, Inc. ("Neiman Marcus") is a business entity incorporated under the laws of the State of Texas and has a principal place of business at 1618 Main Street, Dallas, Texas 75201-4720.  Neiman Marcus maintains the website www.neimanmarcus.com, which sells and promotes Alexis Bittar products.

20.     Upon information and belief, Defendant Nordstrom, Inc. ("Nordstrom") is a business entity incorporated under the laws of the State of Washington and has a principal place of business at 1617 6th Avenue, Seattle, Washington 98101-1707.  Nordstrom maintains the website www.nordstrom.com, which sells and promotes Alexis Bittar products.

21.     Upon information and belief, Defendant Rainbow Bridge Jewelers ("RBJ") is an unincorporated business organization existing under the laws of the State of California and has a principal place of business at 721 Sutter Street, Folsom, California 95630.  RBJ maintains the website www.rainbowbridgejewelers.com, which sells and promotes Alexis Bittar products.

22.     Upon information and belief, Defendant Regencies is an unincorporated business organization existing under the laws of the State of Nevada and has a principal place of business at 65 Antique Garden Street, Las Vegas, Nevada 89138-1579.  Regencies maintains the website www.regencies.com, which sells and promotes Alexis Bittar products.

23.     Upon information and belief, Defendant Sahar's Continental Shops ("Sahar's") is an unincorporated business organization existing under the laws of the State of Iowa and has a principal place of business at 4100 Weston Parkway, West Des Moines, Iowa 50266-5915.  Sahar's maintains the website www.sahars.com, which sells and promotes Alexis Bittar products.

24. Upon information and belief, Defendant SAKS, Inc. ("SAKS") is a business entity incorporated under the laws of the State of New York and has a principal place of business at 12 E. 49th Street, New York, New York 10017-1028. SAKS maintains the website www.saksfifthavenue.com, which sells and promotes Alexis Bittar products.

25. Upon information and belief, Defendant Scarlett Alley is an unincorporated business organization existing under the laws of the State of Pennsylvania and has a principal place of business at 241 Race Street, Philadelphia, Pennsylvania 19106-1909. Scarlett Alley maintains the website www.scarlettalley.com, which sells and promotes Alexis Bittar products.

26. Upon information and belief, Defendant TCP Artforms, LLC ("The Clay Pot") is a limited liability company formed under the laws of the State of New York and has a principal place of business at 162 7th Avenue, Brooklyn, New York 111215-2243. The Clay Pot maintains the website www.clay-pot.com, which sells and promotes Alexis Bittar products.

27. Upon information and belief, Defendant Verbena Gifts, Inc. ("Verbena") is a business incorporated under the laws of the State of New York and has a principal place of business at 123 Main Street, Greenport, New York 11944-1442. Verbena maintains the website www.verbena.net, which sells and promotes Alexis Bittar products.

28. Upon information and belief, Defendant Wellington & Company LLC ("Wellington") is a limited liability company formed under the laws of the State of Louisiana and has a principal place of business at 5906 Louis XIV Street, New Orleans, Louisiana 70124-2917. Wellington maintains the website www.wcjewelry.com, which sells and promotes Alexis Bittar products.

29. Upon information and belief, Defendant Zoe Bloom, Inc. ("Zoe Bloom") is a business entity incorporated under the laws of the State of Florida and has a principal place of

7

business at 1710 S. Dale Mabry Highway, Tampa, Florida 33629-5813.  Zoe Bloom maintains the website www.zoebloom.net, which sells and promotes Alexis Bittar products.

## JURISDICTION AND VENUE

30. This Court has personal jurisdiction over Defendants Alexis Bittar, LLC, Alexis Bittar Retail, LLC, Dandelion, Greenwich Jewelers, SAKS, The Clay Pot, and Verbena pursuant to Fed. R. Civ. P. 4(k)(1)(A) because these Defendants are both incorporated and maintain their principal place of business in New York and are subject to the general jurisdiction of the New York courts pursuant to C.P.L.R. 301.

31. This Court has general long-arm personal jurisdiction over the non-resident Defendants appearing in the caption, but not mentioned in paragraph 29 above, pursuant to Fed. R. Civ. P. 4(e) and CPLR 302 because these Defendants maintain interactive websites, through which it knowingly sells its products and enters into contracts with New York residents, that causes its contacts with New York to be continuous and substantial that they should expect to be haled into court on any cause of action.

32. This Court has subject matter jurisdiction of this action under 15 U.S.C. § 1121 (Lanham Act) and 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademark), as this action seeks injunctive and monetary relief for claims of trademark infringement arising under questions of federal law.

33. Venue is proper under 28 U.S.C. § 1391(b), as Defendants are subject to this Court's personal jurisdiction in respect to this action.

## FACTS

34. Beale has promoted and used the term "Grey Gardens" in commerce since 2002 and has invested significant funds, time, and effort in developing her online retail business at

www.greygardenscollections.com. Through this website, she sells a variety of goods – most notably, jewelry – aimed to recreate the style and taste of Edith Bouvier Beale.

35. Beale is married to the nephew of Edith Bouvier Beale – a famous New York socialite that was the subject, along with her mother who is also named Edith Bouvier Beale, of the documentary entitled Grey Gardens. The term "Grey Gardens" referred to the estate that belonged to the Beale family in East Hampton, New York.

36. After Edith Bouvier Beale passed away in 2002, Beale inherited certain pieces of jewelry and other items from the estate and began selling them under the name "Grey Gardens Treasures."

37. Shortly thereafter, in or about 2003, Beale continued to grow her business and began to sell replica items inspired by Edith Bouvier Beale's possessions. She began using the term "Grey Gardens Collections" as a trade name in 2007. She operates an unincorporated retail business under this trade name through the present.

38. Beale has continuously used the term "Grey Gardens" to identify her goods since she began promoting her business in 2002.

39. Beale launched her retail website, www.greygardenscollections.com, in or about February 2008.

40. Through the use of the term "Grey Gardens" to identify Beale's products, the term "Grey Gardens" developed a secondary meaning in the market place beyond its original use by the Beale family to identify their estate. Beale later sought to protect her use of the term "Grey Gardens" by registering a standard character mark for various international classes as follows:

| U.S. Registration No. | Registration Date | International Class No. |
|---|---|---|
| 3599590 | March 31, 2009 | 24 (Fabrics) |
| 3599720 | March 31, 2009 | 14 (Jewelry); 24 (Fabrics); 35 (Online Retail Business) |

9

| 3599728 | September 29, 2008 | 14 (Jewelry); 24 (Fabrics); 35 (Online Retail Business) |
| --- | --- | --- |
| 4139383 | May 8, 2012 | 21 (Dinnerware) |
| 4139384 | May 8, 2012 | 3 (Fragrances, Lotions) |

Attached hereto as **Exhibits A-E** are true and accurate copies of the Certificates of Registration for these trademarks.

41. Specifically, and as is stated in the table above, Beale has registered the name "Grey Gardens" in International Class 14 for jewelry items through the United States Patent and Trademark Office.

42. Alexis Bittar is a world-renown jewelry design company. Alexis Bittar maintains retail shops in New York City; West Hollywood; San Francisco; Venice, California; and Chicago. Alexis Bittar's jewelry has appeared on the covers of a variety of famous fashion magazines and has been worn by notable celebrities, such as Michelle Obama and Lady Gaga. Attached hereto as **Exhibit F** is a true and accurate copy of Alexis Bittar's "About" page on www.alexisbittar.com.

43. In or about March 2012, Beale discovered that Alexis Bittar had begun to use the term "Grey Gardens" in connection with a line of jewelry. Attached hereto as **Exhibit G** is a true and accurate copy of Alexis Bittar's line item sheet for the Spring/Summer 2012 collection, reflecting the use of the term "Grey Gardens."

44. Alexis Bittar's "Grey Gardens 2012" line of jewelry is similar in theme and design to Beale's jewelry offered for sale, which is inspired by Edith Bouvier Beale's private collection. Alexis Bittar states in its product descriptions that the inspiration for these pieces came from the Grey Gardens documentary and the taste and style of Edith Bouvier Beale. Attached hereto as **Exhibit H** is a true and accurate copy of such product description.

45. Additionally, a flower brooch that is part of Alexis Bittar's Grey Gardens 2012 and was worn by Michelle Obama, appears to be a reproduction of the vintage piece that is available on Beale's website. Attached hereto as **Exhibit I** is a true and accurate copy of Alexis Bittar's flower brooch. Attached hereto as **Exhibit J** is a true and accurate copy of the original flower brooch appearing on Beale's website.

46. Alexis Bittar has distributed the "Grey Gardens" jewelry at wholesale, to its retailers, and at retail to individual consumers. Alexis Bittar has widely distributed the "Grey Gardens" jewelry to multiple retailers, both in the United States and in countries around the world, some of which are named defendants in this action:

| Retailer | True and accurate copies of this retailer's webpages displaying Alexis Bittar's "Grey Gardens" items are attached hereto as **Exhibit**: |
|---|:---:|
| AJ Wonderland | **K** |
| Alene | **L** |
| Amazon.com | **M** |
| Beso | **N** |
| Bloomingdales | **O** |
| Bon Lemon | **P** |
| Braceletsandankletsdiscount.com | **Q** |
| The Claypot | **R** |
| Contemporary Concepts | **S** |
| Dandelion | **T** |
| Greenwich Jewelers | **U** |
| Heyward | **V** |
| JTCT | **W** |
| Krista K | **X** |
| Kiki | **Y** |
| Lane Knight | **Z** |
| Marissa Collections | **AA** |
| Neiman Marcus | **BB** |
| Nordstrom | **CC** |
| RBJ | **DD** |
| Regencies | **EE** |
| Sahar's | **FF** |
| Saks | **GG** |
| Scarlett Alley | **HH** |

11

| | |
|---|---|
| Shop Wiki | **II** |
| Shop Style | **JJ** |
| Shopzilla | **KK** |
| Style Favs | **LL** |
| Svpply.com | **MM** |
| Twenga | **NN** |
| V and A Shop | **OO** |
| Verbena | **PP** |
| Wanelo | **QQ** |
| Wellington & Co. | **RR** |
| Zimbio | **SS** |
| Zoe Bloom | **TT** |

47. Alexis Bittar has also heavily promoted the "Grey Gardens" jewelry in the following print and online publications and social media:

| Publisher | True and accurate copies of this publisher's webpages displaying Alexis Bittar's "Grey Gardens" items are attached hereto as: |
|---|---|
| Alexis Bittar Blog | **UU** |
| Alexis Bittar Facebook | **VV** |
| Alexis Bittar Retail Blog | **WW** |
| Daily Update | **XX** |
| Elle Magazine | **YY** |
| Etsy | **ZZ** |
| New York Times | **AAA** |
| Pinterest | **BBB** |
| Polyvore | **CCC** |
| Real Beauty | **DDD** |
| Style Cure | **EEE** |

48. Beale has also personally contacted, both in person and on the telephone, employees of SAKS, Nordstrom, Alexis Bittar retail stores, Neiman Marcus, YLANG23, and Zoey Bloom asking about Alexis Bittar's "Grey Gardens" jewelry. The employees with direct customer contact at these retailers freely use the term "Grey Gardens" when referring to this particular line of Alexis Bittar's jewelry. A true and accurate copy of a business card provided by a Nordstrom sales clerk using the term "Grey Gardens" is attached hereto as **Exhibit FFF.**

12

49. Beale first contacted Alexis Bittar in or about March 7th, 2012 regarding the use of the term "Grey Gardens." While Alexis Bittar and some of its retailers began to refer to the collection as "Dark Gardens," instead of "Grey Gardens," both on its own website and on other retailers' websites, Alexis Bittar did not update the metadata on its sites. Thus, an Internet user could still find "Grey Gardens" on the Alexis Bittar website through a search, such as through google.com. Additionally, Alexis Bittar did not update its line item sheet and the collection continued to be known as "Grey Gardens." A true and accurate copy of Internet searches reflecting this metadata is attached hereto as **Exhibit GGG**.

50. The renown of Alexis Bittar combined with the widespread advertisement, promotion, distribution, and sale of its "Grey Gardens" jewelry in a variety of famous physical and online retailers has caused significant damage to Beale, who will be precluded from promoting her business in a similar manner.

## COUNT I
### Federal Trademark Infringement
(As to Defendants Alexis Bittar, LLC and Alexis Bittar Retail, LLC - 15 U.S.C. § 1114(1))

51. Beale repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

52. Alexis Bittar did not seek or obtain Beale's consent to use the term "Grey Gardens" that is the subject of Trademark Registration No. 3,599,720.

53. Alexis Bittar used the term "Grey Gardens" in commerce in connection with the sale, offering for sale, distribution, and advertising of Alexis Bittar's jewelry collection on its website, as more fully described above.

54. Alexis Bittar's use of term "Grey Gardens" is likely to cause confusion, mistake, and deception in consumers.

55. Alexis Bittar's use of the term "Grey Gardens" design was deliberate, willful, and intentional, with full knowledge and in conscious disregard of Beale's rights in the mark.

56. As a result of the foregoing actions, Beale has been injured and damaged. Unless the use of the term "Grey Gardens" by Alexis Bittar is enjoined, Beale will continue to suffer injury and damage.

## COUNT II
### Federal Trademark Infringement
### (As to all other Defendants - 15 U.S.C. § 1114(1))

57. Beale repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

58. Defendants did not seek or obtain Beale's consent to use the term "Grey Gardens" that is the subject of Trademark Registration No. 3,599,720.

59. Defendants used the term "Grey Gardens" in commerce in connection with the sale, offering for sale, distribution, and advertising of Alexis Bittar's jewelry collection on their individual websites and through their physical retail locations, as more fully described above.

60. Defendants' use of the term "Grey Gardens" is likely to cause confusion, mistake, and deception in consumers.

61. As a result of the foregoing actions, Beale has been injured and damaged. Unless the use of the term "Grey Gardens" by Defendants is enjoined, Beale will continue to suffer injury and damage.

## COUNT III
### Federal Unfair Competition
### (As to all Defendants - 15 U.S.C. § 1125)

62. Beale repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

63. Defendants used the term "Grey Gardens" in their products after Beale registered her trademark in the term in 2009.

14

64. Defendants caused products bearing the term "Grey Gardens" to be sold in interstate commerce.

65. As Defendants have used the term "Grey Gardens" in their products, the use is likely to cause confusion with Beale's use of her trademark.

66. As a result of Defendants' use of the term "Grey Gardens", Beale has been injured and damaged. Unless the use of this design by Defendants is enjoined, Beale will continue to suffer injury and damage.

## COUNT IV
### Reverse Confusion
### (As to Defendants Alexis Bittar, LLC and Alexis Bittar Retail, LLC)

67. Beale repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

68. As Beale has used the term "Grey Gardens" in reference to the sale of jewelry since 2002 and registered this trademark in 2008, Beale's use pre-dates Alexis Bittar's use starting in 2012, making Beale the senior user and Alexis Bittar the junior user.

69. Alexis Bittar is a renown jewelry designer, with advertising and publication in world-famous fashion magazines, online publications, and newspapers, endorsement by celebrities, and sales in major retail stores. Therefore, Alexis Bittar was able to amass significant trademark strength in its use of the term "Grey Gardens" in identifying a line of jewelry.

70. Consumer confusion that Beale's products are associated with Alexis Bittar's is likely.

71. As a result of Alexis Bittar's use of the term "Grey Gardens", Beale has been injured and damaged. Unless the use of this design by Alexis Bittar is enjoined, Beale will continue to suffer injury and damage.

## COUNT V
### Contributory Trademark Infringement
### (As to Defendants Alexis Bittar, LLC and Alexis Bittar Retail, LLC)

72. Beale repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

73. Beale notified Alexis Bittar in or about March 2012 that its use of the term "Grey Gardens" infringed on her rights in Trademark Registration No. 3,599,720.

74. Upon information and belief, Alexis Bittar took no steps to correct the line item sheet that identifies the jewelry collection as "Grey Gardens." See **Exhibit G.**

75. Upon information and belief, retailers ordering products from Alexis Bittar have used the line item sheet to place orders with the infringing term therein.

76. Employees of retailers, as listed above and who have direct contact with consumers, have referred to the Alexis Bittar jewelry collection at issue in this case as the "Grey Gardens" line to such consumers.

77. Alexis Bittar continued to induce its retailers to infringe Beale's rights in the term "Grey Gardens" by failing to correct its order sheets after being notified of the infringement by Beale.

78. Alexis Bittar also continued to supply product to its retailers under the name "Grey Gardens," knowing that the retailers would use this term to refer to its jewelry line after being notified of the infringement by Beale.

**WHEREFORE**, Plaintiff demands that:

A. Judgment be entered for Plaintiff on her claims;

B. Defendants, their agents, owners, servants, employees, related entities, successors, assigns, and all other parties in active concert or participation with them, be permanently enjoined and restrained from using the term "Grey Gardens";

- C. Defendants be required to pay statutory damages;
- D. Defendants be required to pay Plaintiff's actual damages;
- E. Defendants be required to pay Plaintiff's attorney's fees and costs; and
- F. The Court enter such further relief as is necessary and proper.

## JURY DEMAND

Plaintiff Eva Marie Beale demands trial by jury of all issues so triable.

DATED: June 24, 2013　　　　　　　　　THE MCDANIEL LAW FIRM, P.C.

By: _____
Jay R. McDaniel, Esq.
*Attorneys for Plaintiff Eva Marie Beale*