```
USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/14
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EVA MARIE BEALE,

    Plaintiff,

v.

ALEXIS BITTAR, INC., ALEXIS BITTAR, LLC, ALEXIS BITTAR RETAIL, LLC, A JEWELRY WONDERLAND, ALENE TOO, LLC, BLOOMINGDALES, INC., BON LEMON, LLC, BOUTIQUE TERE, INC., CONTEMPORARY CONCEPTS PLUS, INC., DANDELION JEWELRY, GREENWICH JEWELERS, INC., HEYWARD & HANNA, LLC, KIKI, INC., KRISTA K BOUTIQUES, INC., JTCT, INC., LANE KNIGHT, NEIMAN MARCUS, INC., NORDSTROM, INC., RAINBOW BRIDGE JEWELERS, REGENCIES, SAHAR'S CONTINENTAL SHOPS, SAKS, INC., SCARLETT ALLEY, TCP ARTFORMS, LLC, VERBENA GIFTS, INC., WELLINGTON & COMPANY, LLC, ZOE BLOOM, INC.,

    Defendants.

Civ. Action. No. 1:12-cv-7902(AKH)

**PERMANENT INJUNCTION ON CONSENT**

Plaintiff EVA MARIE BEALE (hereinafter "BEALE") having filed a Complaint in this action alleging that the Defendants (hereinafter referred to as "Defendants") had infringed certain trademarks in violation of the Lanham Act and her common law rights, and the parties having agreed to settle the controversy among them, without any admission of liability or finding of liability by the Court:

The parties hereto consent to the following factual findings:

1.    Plaintiff Eva Marie Beale d/b/a Grey Gardens Collections ("Beale") is the record owner of the following registered marks (the "Beale Marks"):

| Grey Gardens | |
|---|---|
| Grey Gardens | 4,139,384 |
| Grey Gardens Collections | 3,599,728 |
| Grey Gardens | 3,599,720 |
| Grey Gardens | 3,599,590 |

1

2. Beale is the owner of www.greygardenscollections.com and alleges that she has made use in commerce of the foregoing marks in commerce beginning at least as early as November 2008, and further alleges that she continues to use the marks at the present time. Beale commenced suit alleging Alexis Bittar, Inc., Alexis Bittar, LLC and Alexis Bittar Retail, LLC (hereafter the "AB Defendants") had without her authorization, used one or more of the foregoing marks in connection with the offer and sale of jewelry ("the Allegedly Infringing Goods") and alleged causes of action under the Lanham Act 15 U.S.0 §§ 1114(1) and 1125. Beale also alleged that certain retail defendants had offered and sold the Allegedly Infringing Goods in violation of the Lanham Act 15 U.S.0 §§ 1114(1) and 1125. The defendants other than the AB Defendants and defendants Rainbow Bridge Jewelers, Sahar's Continental Shops and Zoe Bloom, Inc., shall hereafter be referred to as the "Retail Defendants."

3. The AB defendants and the Retail Defendants denied any wrongdoing and denied the material allegations of the Amended Complaint, and additionally asserted various affirmative defenses and counterclaims.

4. The parties have reached a compromise of the disputed claims and counterclaims and have requested that this Court enter the within Permanent Injunction on Consent and without any admission of liability.

5. The Plaintiff and the AB Defendants and Retail Defendants acknowledge the jurisdiction of this Court over them in connection with the subject matter hereof, and over the subject matter hereof; and waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; without Admitting any of the specific allegations of the Complaint except jurisdiction; and having waived any objections with regard to the right to appeal this Consent Judgment;

It further appearing that this Court has jurisdiction over the subject matter hereof;

It is, upon the consent of BEALE, the AB Defendants and Retail Defendants, hereby ORDERED, ~~ADJUDGED~~ AND DECREED:

1. This Court has jurisdiction over BEALE, the AB Defendants and Retail Defendants, and the subject matter of this action pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391. Service was properly made against the AB Defendants and the Retail Defendants and they both do not contest service or jurisdiction.

2. The AB Defendants, including their subsidiaries, affiliates, owners, directors, officers, agents, servants, employees, representatives, successors and assigns and all those persons in active concert or participation with them who receive notice of this Permanent Injunction by personal service or otherwise, and each of them, agree to be and hereby are permanently enjoined and restrained from the manufacturing, distributing, advertising, selling, or offering for sale of or otherwise trafficking in any products identical to or related to any of the goods or services identified in the registered Beale Marks : i) advertised with, offered with or bearing the Beale Marks; ii) any unauthorized reproductions, counterfeits, copies and/or colorable imitations of the Beale Marks; iii) any marks confusingly similar thereto or any products which are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Beale; or iv) the use of any marks or designs causing the dilution, blurring or tarnishment of any of the Beale Marks.

3. The Retail Defendants including their subsidiaries, affiliates, owners, directors, officers, agents, servants, employees, representatives, successors and assigns and all those persons in active concert or participation with them who receive notice of this Permanent Injunction by personal service or otherwise, and each of them, agree to be and hereby are permanently enjoined and restrained, in connection with products purchased from one or more of the AB Defendants, from the

3

distributing, advertising, selling, or offering for sale of or otherwise trafficking in: i) products purchased from the AB Defendants and advertised with, offered with or bearing the Beale Marks; ii) products purchased from the AB Defendants bearing any unauthorized reproductions, counterfeits, copies and/or colorable imitations of the Beale Marks; iii) products purchased from the AB Defendants bearing any marks confusingly similar thereto or any products which are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Beale; or iv) products purchased from the AB Defendants that use any marks or designs causing the dilution, blurring or tarnishment of any of the Beale Marks. The injunction set forth in Paragraphs 2 and 3 hereof shall remain in full force and effect unless and until Beale abandons (as the term is defined in the Lanham Act) the Beale Marks.

4. Acts of any non-parties, including, without limitation, acts by non-parties which would be a violation if committed by an AB Defendant or Retail Defendant, shall not constitute a violation of this Injunction, and the AB Defendants and Retail Defendants shall have no liability for such acts. By way of example, and without limiting the foregoing, it shall not be a violation of this Injunction, and the AB Defendants and Retail Defendants shall have no liability in connection with: i) non-party articles, reviews, blogs, or comments in which the Allegedly Infringing Goods are referenced; ii) the advertisement, offers for sale, distribution and/or sale of Allegedly Infringing Goods by a non-party; or (iii) the reproduction, display, caching or similar use by a non-party of any advertisement, article, blog, offer for sale or the like originally created or used by or on behalf of any AB Defendants or Retail Defendants.

5. In the event that the material terms of this injunction are violated, the Plaintiff shall provide the allegedly violating AB Defendant or Retail Defendant with written notice thereof. The allegedly violating AB Defendant or Retail Defendant shall have 10 (ten) business days from receipt of the written notice to effect a cure. If the alleged violation is not cured, Plaintiff may seek relief in this Court.

4

6. Each party shall bear its own costs and fees.

Dated: *Aug 6, 2014*

THE UNDERSIGNED CONSENT
TO THE FORM AND ENTRY OF
THE WITHIN ORDER

Hon. Alvin K. Hellerstein

_____
Robert B. Golden (RG-6157)
Lackenbach Siegel, LLP
Lackenbach Siegel Building
One Chase Road
Scarsdale, NY 10583
Attorneys for Defendants

_____
Jay R. McDaniel (JM-987)
McDaniel Law Firm, PC
350 Fifth Ave.
59th Floor
New York, NY 10058
Attorneys for Plaintiff

5